UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMARCUS LENARD,

       Petitioner,

v.                                      Case No. 8:03-cv-1310-T-23MSS

SECRETARY, Department of Corrections,

       Respondent.

_____/

**O R D E R**

       Lenard petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his convictions for selling or delivering cocaine, trafficking in cocaine, conspiring to traffic in cocaine, and possessing cocaine. Lenard alleges that he was denied both his right to a fair trial and the effective assistance of both trial and appellate counsel. The response (Doc. 8) is supported by numerous exhibits ("Respondent's Exhibit ___"). The respondent contends that the petition is meritless.

       After a jury convicted Lenard of sale or delivery of cocaine, Lenard pleaded <u>nolo contendere</u> to the three remaining charges and was sentenced as a habitual felony offender.[1] The state appellate court affirmed Lenard's convictions. Lenard's subsequent challenges to his convictions -- a state Rule 3.850 motion and a state petition for the writ of habeas corpus -- were denied. Lenard's Section 2254 petition followed.

---

[1] The trial court granted Lenard's motion to sever Count One from the other three counts of the amended information (Respondent's Exhibit 19, Vol. I at 23-34).

**Ground One**

The respondent correctly argues that ground one is both unexhausted and procedurally barred.  Lenard alleges a denial of his right to a fair trial because of "impermissible highly prejudicial statements by the state and its witnesses," a claim raised and rejected on direct appeal (Respondent's Exhibits 1 and 3).  However, Lenard presented the claim based on state law only and failed to allege the violation of a federal constitutional right.

Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. at 842.  See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  Pruitt v. Jones, 348 F.3d 1355, 1358 (11th Cir. 2003).  A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort,

even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d at 1358-59

(quoting O'Sullivan v. Boerckel, 526 U.S. at 845).

To exhaust a claim, a petitioner must present the state court with the particular

legal basis for relief in addition to the facts supporting the claim. Kelley v. Sec'y for

Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004).  A petitioner must present his

claim to the state court so that the state court has the "opportunity to apply controlling

legal principles to the facts bearing upon [his] constitutional claim." Kelley v. Sec'y for

Dep't of Corr., 377 F.3d at 1344 (quoting Picard v. Connor, 404 U.S. 270, 277 (1971)).

See also Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of

state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state

courts in order to give the State the opportunity to pass on and correct alleged violations

of its prisoners' federal rights.' ") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

The prohibition against raising an unexhausted claim in federal court extends to both the

broad legal theory of relief and the specific factual contention that supports relief. Kelley

v. Sec'y for Dep't of Corr., 377 F.3d at 1344.

Lenard failed to present the federal component of ground one to the state court

on direct appeal.  Consequently, he deprived the state courts of a "full and fair

opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. at 845.

A federal court cannot grant a Section 2254 petition unless the petitioner has exhausted

every available state court remedy. Snowden v. Singletary, 135 F.3d at 735.  Lenard's

exclusively state law arguments presented on direct appeal leave the exhaustion

requirement unsatisfied. Duncan v. Henry, 513 U.S. at 365.  See also Baldwin v.

Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily

indicate the federal law basis for his claim in a state-court petition or brief, for example,

by citing in conjunction with the claim the federal source of law on which he relies or a

case deciding such a claim on federal grounds, or by simply labeling the claim

'federal.'").  Ground one remains unexhausted and, therefore, eludes federal review.

Neither can Lenard return to state court to present his federal claim.  Because he

could have raised and preserved a federal constitutional claim on direct appeal, Lenard

was precluded from doing so collaterally in a Rule 3.850 motion.  See e.g., Childers v.

State, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue

could have been raised on direct appeal, it is not the proper subject for a Rule 3.850

motion.") (citations omitted).  The state's rule precluding second or successive Rule

3.850 motions bars Lenard's presenting a second Rule 3.850 motion.  See Fla. R. Crim.

P. 3.850(b).

"The teeth of the exhaustion requirement comes from its handmaiden, the

procedural default doctrine."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state

remedies that are no longer available, that failure is a procedural default which will bar

federal habeas relief, unless either the cause and prejudice or the fundamental

miscarriage of justice exception is applicable."  Smith v. Jones, 256 F.3d at 1138.  To

establish cause for a procedural default, a petitioner "must demonstrate that some

objective factor external to the defense impeded the effort to raise the claim properly in

state court."  Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999).  See also Murray v.

Carrier, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not

only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. Henderson v. Campbell, 353 F.3d at 892; Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray v. Carrier, 477 U.S. at 495-96; Henderson v. Campbell, 353 F.3d at 892. "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Lenard fails to demonstrate cause and prejudice excusing his default. Lenard has neither alleged nor shown that the fundamental miscarriage of justice exception applies. Because Lenard fails to proffer specific facts showing an exception to procedural default, Hill v. Jones, 81 F.3d 1015 (11th Cir. 1996), ground one is procedurally barred from federal review.

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as

amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210

(11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a

highly deferential standard for federal court review of state court adjudications, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied--the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal Law, as
> determined by the Supreme Court of the United States," or (2) "involved
> an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the

writ if the state court identifies the correct governing legal principle from
this Court's decisions but unreasonably applies that principle to the facts
of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different

from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272

F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the

correctness per se, of the state court decision that we are to decide.").

Lenard's convictions were affirmed on direct appeal in a per curiam decision

without a written opinion (Respondent's Exhibit 3), and the denial of his Rule 3.850

motion for post-conviction relief was likewise affirmed on appeal in another per curiam

decision without a written opinion (Respondent's Exhibit 10).  The state appellate court's

per curiam affirmances warrant deference under Section 2254(d)(1) because "the

summary nature of a state court's decision does not lessen the deference that it is due."

Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278

F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Lenard has the burden of overcoming a state court factual determination by clear

and convincing evidence.  "[A] determination of a factual issue made by a State court

shall be presumed to be correct.  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

This presumption of correctness applies only to a finding of fact, not a mixed

determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert.

denied, 534 U.S. 1046 (2001).  Consequently, a presumption of correctness attaches to

the finding of facts in the trial court's rejection of Lenard's post-conviction claims of

ineffective assistance of counsel (Orders Denying Motion for Post-Conviction Relief,

Respondent's Exhibits 6 and 8).

### INEFFECTIVE ASSISTANCE OF COUNSEL

Lenard claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he

cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506,

1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.

1994)).  Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In Strickland v. Washington, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part
> test for analyzing ineffective assistance of counsel claims.  According to
> Strickland, first, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This requires showing that
> counsel's errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct.
> 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent

prejudice.  Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court

deciding an ineffective assistance claim . . . to address both components of the inquiry if

the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at

1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on

either of its two grounds.").  "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Lenard must demonstrate that counsel's error prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Lenard must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91.  Lenard cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the

> circumstances, as defense counsel acted at trial. . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v.

United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial

lawyers, in every case, could have done something more or something different.  So,

omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or

appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983)

(counsel has no duty to raise frivolous claims).

As stated above, Lenard must prove that the state court's decision was (1)

"contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States; or (2) . . . based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  28 U.S.C. § 2254(d).  Consequently, the state court's determination

of each of Lenard's claims largely governs review of those same claims.

**Ground Two**

Lenard alleges his appellate counsel rendered ineffective assistance by failing to

challenge the trial court's failure "to instruct the jury of its burden to find whether

[Lenard] knew of the illicit nature of the items sold and delivered."  Lenard presented

this claim to the state court in his state habeas petition.  The state appellate court

denied relief without a written opinion (Respondent's Exhibit 16).

Strickland governs also an ineffective assistance of appellate counsel claim.

Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077

(1992).  To establish a claim of ineffective assistance of appellate counsel, a habeas petitioner must show that appellate counsel performed deficiently and that the deficient performance resulted in prejudice.  To demonstrate deficient performance, Lenard must show that appellate counsel's failure to raise the claim of trial court error was outside the range of professionally acceptable performance.  Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000), cert. denied, 531 U.S. 1204 (2001).  To demonstrate prejudice, Lenard must show that appellate counsel's deficient performance undermines confidence in the correctness of the result.  Chandler v. United States, 218 F.3d at 1312-14; Wellington v. United States, 314 F.3d 1256, 1260 (11th Cir. 2002)..

Trial counsel did not object to the trial court's instruction on the charge of sale or delivery of cocaine (Respondent's Exhibit 19, Vol. III at 220).  In Florida, jury instructions are "subject to the contemporaneous objection rule and, absent an objection at trial, can be raised on appeal only if fundamental error occurred."  State v. Delva, 575 So.2d 643, 644 (Fla. 1991).  "[F]undamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict."  Stewart v. State, 420 So.2d 862, 863 (Fla. 1982) cert. denied, 460 U.S. 1103 (1983).  Because the claim was not preserved for appellate review, appellate counsel was not ineffective for failing to present that claim on appeal unless the claim constituted fundamental error.  See Davis v. State, 928 So.2d 1089, 1127 (Fla. 2005); Bertolotti v. Dugger, 514 So.2d 1095, 1096-97 (Fla. 1983).  "The failure to give an instruction on an element of a crime is fundamental error if the element was disputed at trial."  Nash v. State, 951 So.2d 1003, 1005 (Fla. 4th DCA 2007) (citing Garcia v. State, 901 So.2d 788, 793 (Fla. 2005); Reed

v. State, 837 So.2d 366, 369 (Fla. 2002)).  "Conversely, '[f]ailing to instruct on the element of a crime over which the record reflects there was no dispute is not a fundamental error and there must be an objection to preserve the issue for appeal.'" Nash v. State, 951 So.2d at 1005 (citing State v. Delva, 575 So.2d at 645).

Lenard claims "guilty knowledge" is an essential element of the offense of sale or delivery of cocaine.  Knowledge that a substance is illegal was an element of the crime of sale or delivery of a controlled substance at the time Lenard committed his offense.[2] The failure to so instruct a jury, when the instruction is requested, is error.  Chicone v. State, 684 So.2d 736 (Fla. 1996).  Lenard alleges that the trial court failed to instruct the jury that they were required to determine whether Lenard knew of the illicit nature of the cocaine before determining his guilt or innocence.[3]

At trial, Lenard conceded a drug transaction occurred but denied he was a party to the transaction.  Because the illicit nature of the cocaine was not an issue at trial, the trial court's failure to instruct the jury on the "guilty knowledge" element is not fundamental error.

_____

[2] Knowledge of the illicit nature of a controlled substance is no longer an element of the offense of sale or delivery of cocaine for crimes committed after May 13, 2002.  Fla. Stat. § 893.101 (2002); Starling v. State, 842 So.2d 992.  Lenard committed his offense prior to the effective date of Section 893.101.  The application of Section 893.101 is not retroactive.  Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002).

[3] The trial judge's jury instruction on sale or delivery of cocaine was as follows:

Before you can find the defendant guilty of [s]ale or [d]elivery of [c]ocaine, the [s]tate must prove the following three elements beyond a reasonable doubt:
1. Jamarcus Kochan Lenard sold and/or delivered a certain substance.
2. The substance was cocaine.
3. Jamarcus Kochan Lenard had knowledge of the presence of the substance.

(Respondent's Exhibit 19, Vol. I at 119).  The jury was not instructed that they would have to find that Lenard knew of the illicit nature of the substance he possessed before they could find Lenard guilty of the sale or delivery of cocaine.

Chicone requires that, where a defendant requests it, the jury must be instructed that the defendant have knowledge that the substance is illegal. In this case the instruction was not requested, but defendant argues that it was fundamental error not to give it.

Because guilty knowledge was not an issue in this case, in that the only position taken by the defendant was that he was not the person who sold the cocaine to the informant, any error in not giving a guilty knowledge instruction would not rise to the level of fundamental error.  State v. Delva, 575 So.2d 643 (Fla. 1991).

Davis v. State, 839 So.2d 734 (Fla. 4th DCA 2003).  See also Starling v. State, 842 So.2d 992, 993 (Fla. 1st DCA 2003) (because guilty knowledge was not an issue at trial, any error in failing to give a guilty knowledge instruction was not fundamental error); Rhinehart v. State, 840 So.2d 456 (Fla. 4th DCA 2003) (trial court did not fundamentally err by failing to give guilty knowledge instruction because the defendant neither presented evidence that he did not know the illicit nature of the cocaine he delivered nor requested a Chicone instruction).

Guilty knowledge was not an issue in Lenard's case.  Counsel did not request a Chicone instruction.  Consequently, the failure to give such an instruction was not fundamental error.  Because Lenard's claim was not preserved for appellate review and because he fails to demonstrate fundamental error, appellate counsel was not ineffective for failing to present the claim on appeal.  See Davis v. State, 928 So.2d at 1127; Bertolotti v. Dugger, 514 So.2d at 1096-97.

**Ground Three**

Lenard alleges that his trial counsel rendered ineffective assistance by failing to timely communicate a plea offer from the state.  The state court rejected this claim as follows:

- 13 -

The Defendant contends his attorney failed to communicate an offer of 10 years concurrent with 84.25 months on the remaining counts made by the State Attorney, which the Defendant claims he would have accepted and would have resulted in a lesser sentence.

The State's response indicated that the court should deny the Defendant's claim because the Defendant failed to ever indicate that he would have accepted the plea offer at any time during his case.  The State argued that, although the defendant alleges he was not aware of the offer prior to trial, the court records reflect that the Defendant was aware of a plea offer prior to trial and he never indicated he was interested in accepting any offer that was available.

The Defendant's Motion is denied.  The trial court records indicate that the Defendant was not unaware of the plea offer from the State, but rather, the Defendant was not interested in accepting a plea offer prior to trial.  In the Defendant's Motion to Dismiss Counsel, Motion to Appoint Counsel, the Defendant mentions a plea offer but does not indicate he wished to accept any offer from the State.  Further, during the hearing on Defendant's Motion to Dismiss Counsel, he indicated his knowledge of the plea offer made by the State, but he did not indicate he wished to accept that offer.  As the attachment to the Defendant's motion for Postconviction Relief shows, the offer referred to by the Defendant was dated August 10, 1999, and since the record shows the Defendant was aware of an offer from the State at his Motion to Dismiss Counsel hearing, the trial records show that the Defendant was aware of the offer and apparently did not wish to accept it at that time.

(Respondent's Exhibit 8) (court's citations to exhibits omitted).  To obtain relief on

ground three, Lenard must establish that the state court unreasonably applied

Strickland[4] or unreasonably determined the facts in denying Lenard's Rule 3.850

motion.

Lenard presents no evidence of entitlement to relief.  See Hill v. Lockhart, 474

U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are

---

[4] Although the state trial court failed to cite Strickland as the standard for ineffective assistance, no explicit citation is required.  A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent.  Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).  In Florida, Strickland governs ineffective assistance of counsel claims.  Walls v. State, 926 So.2d 1156 (Fla. 2006).

insufficient to raise a constitutional issue); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  The record supports the state court's denying this claim and Lenard offers no facts or legal authority to support his allegations.  Lenard fails to meet his burden of proving that the state court's determination is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Four**

Lenard alleges that his trial counsel rendered ineffective assistance by withholding exculpatory video and audio tape evidence.  The state court rejected this claim as follows:

> The Defendant contends counsel failed to produce and use at trial video and audio tape evidence, which the Defendant claims would have exonerated him of the crimes.
>
> The Defendant's Motion is denied.  The transcripts of Detective Beal's testimony show that there were no video or audio tape recordings involving the Defendant's case made by the detectives involved in the Defendant's arrest.  Further, during closing arguments, the State admitted there were no video or audio tapes of the conversations.

(Respondent's Exhibit 6) (court's citations to exhibits omitted).  Lenard presents no evidence of entitlement to relief.  <u>See</u> <u>Tejada v. Dugger</u>, 941 F.2d at 1551 (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  The record supports the state court's denial of this claim.

At trial, Detective Jeremy Beal, an undercover officer with the Sarasota County Sheriff's Office, testified that he participated in the drug transaction involving Lenard (Respondent's Exhibit 19, Vol. III at 139-77).  Beal further testified that he was wearing

a listening device that enabled other officers to monitor his conversation during the

transaction (Respondent's Exhibit 19, Vol. III at 152, 180).  However, the conversation

was not recorded because a confidential informant was present with Detective Beal[5]

(Respondent's Exhibit 19, Vol. III at 180, 186).  Consequently, counsel was not

ineffective for failing to utilize that which did not exist.  Lenard fails to establish that the

trial court's denying this claim was either contrary to or an unreasonable application of

Strickland or resulted in a decision that is based on an unreasonable determination of

the facts.

**Ground Five**

Lenard alleges that his trial counsel rendered ineffective assistance by failing to

present the confidential informant's testimony.  Lenard contends that the informant

would have testified that Lenard was not the person with whom he dealt on the date of

the offense and that Lenard was innocent of the crime charged.  The state court

rejected this claim as follows:

> The Defendant contends that his attorney failed to call the confidential
> informant, when the confidential informant could have testified that the
> Defendant was not the person who he had dealt with on the dates of the
> crimes.
>
> The Defendant's Motion is denied.  Although counsel did not call any
> witnesses at trial, the transcript of Detective Beal's testimony indicates
> that the Defendant was observed by the detective himself on the dates of
> the crimes sell[ing] the cocaine to the detective.  Further, the Defendant
> does not allege that he was mistakenly identified by Detective Beal and,
> as a result, the Defendant has not shown how the failure to call the

---

[5] Detective Beal testified that, to protect an informant's identity, the police generally do not record
monitored conversations involving a confidential informant (Respondent's Exhibit 19, Vol. III at 152-53).
For this reason, the police elected not to record the conversation during Lenard's drug transaction
(Respondent's Exhibit 19, Vol. III at 180, 197-98).

confidential informant prejudiced the Defendant's case such that the
outcome of the proceeding would have been different.

(Respondent's Exhibit 6).

Under Florida law, "the failure to call witnesses can constitute ineffective
assistance of counsel if the witness may have been able to cast doubt on the
defendant's guilt, and the defendant states in his [post-conviction] motion the witnesses'
names and the substance of their testimony, and explains how the omission prejudiced
the outcome of the trial." Marrow v. State, 715 So.2d 1075 (Fla. 1st DCA 1998).
"Complaints of uncalled witnesses are not favored, because the presentation of
testimonial evidence is a matter of trial strategy and because allegations of what a
witness would have testified are largely speculative." Buckelew v. United States, 575
F.2d 515, 521 (5th Cir. 1978) (citations omitted).[6] Tactical decisions within the range of
reasonable professional competence are not subject to collateral attack unless a
decision was so "patently unreasonable that no competent attorney would have chosen
it." Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983). The reasonableness
of counsel's challenged conduct on the facts of the case viewed as of the time of
counsel's conduct decides an ineffectiveness claim. Strickland v. Washington, 466 U.S.
at 690.

Lenard speculatively asserts that the confidential informant would have testified
to Lenard's innocence. Even if counsel had called the confidential informant as a
witness, no evidence shows that the informant would have testified as Lenard

---

[6] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before
October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en
banc).

hypothesizes.  Lenard fails to demonstrate that counsel's performance was outside the

bounds of reasonable professional judgment.  <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512

(11th Cir. 1995) (internal citation omitted) ("[w]hich witnesses, if any, to call, and when

to call them, is the epitome of a strategic decision"); <u>Chandler v. United States</u>, 218 F.3d

1305, 1314 (11th Cir. 2000) (<u>en banc</u>), <u>cert.</u> <u>denied</u>, 531 U.S. 1204 (2001) (counsel

cannot be deemed incompetent for performing in a particular way in a case as long as

the approach taken "might be considered sound trial strategy") (<u>quoting</u> <u>Darden v.</u>

<u>Wainwright</u>, 477 U.S. 168 (1986)).  Lenard fails to support his contention that testimony

of the confidential source would have resulted in a "not guilty" verdict.  Consequently,

Lenard fails to establish that the trial court's denying this claim was either contrary to or

an unreasonable application of <u>Strickland</u> or resulted in a decision that is based on an

unreasonable determination of the facts.

**Ground Six**

Lenard alleges that his trial counsel rendered ineffective assistance by failing to

object to the sufficiency of the information.  Lenard contends that counsel failed to both

object and preserve for appeal the insufficiency of the amended information to charge

the elements necessary to determine whether Lenard was a habitual felony offender.

The state court rejected this claim as follows:

> The Defendant contends counsel failed to object and to preserve his claim
> that the information failed to charge the elements required to show that the
> Defendant was a habitual felony offender.  The Defendant contends the
> information failed to charge the elements and the jury failed to find those
> elements in violation of the principle of <u>Apprendi v. New Jersey</u>, 530 U.S.
> 466 (2000).
>
> The Defendant's Motion is denied.  The rule in <u>Apprendi</u> specifically
> excludes as a factor for jury consideration prior convictions.  <u>See</u> <u>Apprendi</u>

v. New Jersey, 530 U.S. 466 (2000).  Further, the rule in Apprendi has not
yet been held to apply retroactively to collateral post-conviction relief
motions.

(Respondent's Exhibit 6).

Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proven beyond a reasonable doubt."  Apprendi v. New Jersey,

430 U.S. at 490.  Apprendi specifically exempts the necessity to prove a prior conviction

to invoke a habitual felony offender act.  Apprendi v. New Jersey, 430 U.S. at 490.  See

also James v. United States, __ U.S. __, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) ("To

the extent that [the defendant] contends that the simple fact of his prior conviction was

required to be found by a jury, his position is baseless. . . . [I]n any case, we have held

that prior convictions need not be treated as an element of the offense for Sixth

Amendment purposes.").  Lenard fails to meet his burden of proving that the state

court's determination is an unreasonable application of controlling Supreme Court

precedent or an unreasonable determination of the facts.

**Ground Seven**

Lenard alleges that his trial counsel rendered ineffective assistance by failing to

call alleged co-conspirator Ronald Fitch as a witness at trial.  The state court rejected

this claim as follows:

> The Defendant contends his attorney was ineffective when he failed to call
> the conspirator, Mr. Fitch.  The Defendant claims Mr. Fitch gave a pretrial
> deposition which indicated that the Defendant had not conspired with him
> to sell drugs.
>
> The State's response indicated that the Defendant's Motion should be
> denied for several reasons.  First, the State argued that the court records

- 19 -

refute the Defendant's claim for relief because a pretrial deposition was never taken of Mr. Fitch.  Second, the State argued that the Defendant's Motion is facially insufficient because the Defendant has failed to allege the substance of Mr. Fitch's testimony and how his attorney's failure to call the witness prejudiced the outcome of the proceeding against him. Further, the State argues that, since the Defendant was tried in the above case on the sale of cocaine count and not the conspiracy charge, the failure to call the witness to discuss a conspiracy would not have been ineffective in light of the testimony at trial that indicated the Defendant conducted the drug deal directly with the undercover detective.  Finally, the State points out that Mr. Fitch's post-arrest statement indicated he was only a middleman for the Defendant, who obtained his drugs from the Defendant and was participating in the drug transaction to support his drug habit.

The Defendant's Motion is denied.  First, although the State's argument regarding the non-existence of a pretrial deposition is not sufficient because it relies on off-the-record information to refute the claim, the court finds that the failure to call Mr. Fitch, even if the Defendant's Motion is taken as facially sufficient, was not prejudicial to the Defendant's case. The record indicates that Mr. Fitch's testimony would not have changed the outcome of the proceeding against the Defendant because the Defendant was tried on the sale of cocaine and not the conspiracy charge as that charge was severed prior to trial.  Further, the evidence at trial indicated that the Defendant conducted the drug transaction directly with the undercover detective and the transaction was completed without Mr. Fitch's assistance.  Further, as the post-Miranda statement of Mr. Fitch shows, the testimony of Mr. Fitch would probably not have been helpful toward the Defendant as he appeared to be with the Defendant just to support a drug habit and not in a conspiracy to sell the cocaine to the undercover officer.

(Respondent's Exhibit 8).

Lenard fails to show that counsel's decision not to call Fitch as a witness was an unreasonable strategic decision.  "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'"  Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995).  Lenard fails to demonstrate that counsel's performance was outside the bounds of reasonable professional judgment.  Waters v. Thomas, 46 F.3d at

1512; Jones v. State, 845 So.2d 55, 65 (Fla. 2003).  Because the record supports the trial court's finding and Lenard offers no legal authority to support his claim, this ground is meritless.

Accordingly, Lenard's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Gordon and close this action.

ORDERED in Tampa, Florida, on September 25, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE